IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTINE E. UNDERWOOD,<br><br>          Plaintiff,<br><br>     v.<br><br>F. GONZALEZ, et al.,<br><br>          Defendants.<br>_____/ | 1:11-CV-01710-LJO-MJS (PC)<br><br>AMENDED ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER DIRECTING PLAINTIFF TO CONSENT OR DECLINE JURISDICTION OF MAGISTRATE JUDGE<br><br>(ECF No. 6)<br><br>RESPONSE DUE BY MAY 25, 2012 |

Plaintiff Valentine E. Underwood is a former California state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

The Court, on December 5, 2011, ordered Plaintiff to either consent or decline Magistrate Judge jurisdiction by January 9, 2012. (Sec. Order re Consent, ECF No. 4.) January 9, 2012 passed without Plaintiff either consenting or declining or filing a request for an extension of time to do so.

The Court, on April 19, 2012, issued an Order to Show Cause requiring that the Clerk's Office send Plaintiff a form Order Regarding Consent or Request for Reassignment and that, by not later than May 4, 2012 Plaintiff consent or decline Magistrate Judge jurisdiction or show cause why this case should not be dismissed for failure to comply with

a Court order. (Order to Show Cause, ECF No. 6.)

Plaintiff filed a Response to Order to Show Cause on May 1, 2012, notifying the Court "that he declines Magistrate Judge Jurisdiction on this matter." (Resp. to Order to Show Cause, ECF No. 7 at 1.) However, Plaintiff failed to complete and return the Court's form Order Regarding Consent or Request for Reassignment.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not provided the Court with a completed form Order Regarding Consent or Request for Reassignment. The Clerk's Office is ORDERED to send Plaintiff another Order Regarding Consent or Request for Reassignment.

Plaintiff will be given **one final opportunity**, until May 25, 2012, and no later, to **complete and return the form Order Regarding Consent or Request for Reassignment or show cause** why this case should not be dismissed for failure to comply with a Court order.

Accordingly, the Court hereby ORDERS that:

1. The Clerk's Office resend an Order Regarding Consent or Request for Reassignment to Plaintiff,
2. By not later than May 25, 2012, Plaintiff is to return the Order Regarding

Consent or Request for Reassignment to the Court, and indicate whether or not he consents to the jurisdiction of the Magistrate Judge, by either checking the "Consent" OR "Decline" area of the form, and

3. **Failure to meet this deadline will result in dismissal of this action.**

IT IS SO ORDERED.

Dated:   May 3, 2012                          /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE